**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Matthew Cory Dwyer, Appellant.

Appellate Case No. 2015-002290

———————

Appeal From Sumter County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-449
Submitted October 1, 2017 – Filed December 6, 2017

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009) ("In

criminal cases, the appellate court sits to review errors of law only."); *id.* ("A trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *State v. Light*, 378 S.C. 641, 649, 664 S.E.2d 465, 469 (2008) ("A self-defense charge is not required unless it is supported by the evidence."); *id.* at 650, 664 S.E.2d at 469 ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense . . . ."); *State v. Bixby*, 388 S.C. 528, 554, 698 S.E.2d 572, 586 (2010) ("It is an axiomatic principle of law that [self-]defense has not been established if any one element is disproven."); *State v. Williams*, 400 S.C. 308, 314-15, 733 S.E.2d 605, 609 (Ct. App. 2012) (Observing a person is justified in using deadly force in self-defense when (1) the defendant is without fault; (2) the defendant was in actual imminent danger, or actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) a reasonable prudent man would have had the same belief under the circumstances; and (4) the defendant had no other probable means of avoiding the danger).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.